**FILED**

**February 7, 2017**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 10:14 AM**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT KNOXVILLE

| | |
|---|---|
| ROY ADAMS, **Employee,** | ) Docket No.: 2016-03-0885 |
| v. | ) |
| BEVERLY PARK PLACE HEALTH AND REHABILITATION, **Employer,** | ) State File No.: 33138-2016 |
| And | ) |
| TECHNOLOGY INSURANCE CO., **Carrier.** | ) Judge Lisa A. Lowe |

---

### EXPEDITED HEARING ORDER
### DENYING REQUESTED MEDICAL AND TEMPORARY DISABILITY
### BENEFITS

---

This matter came before the undersigned Workers' Compensation Judge on Roy Adams' Request for Expedited Hearing. The central legal issues are whether Mr. Adams is entitled to a panel of either dermatologists or orthopedists and whether he is entitled to temporary disability benefits. For the reasons set forth below, the Court finds Mr. Adams is not entitled to the requested benefits.

#### History of Claim

Mr. Adams is a fifty-year-old resident of Knox County, Tennessee. Beverly Park Place Health and Rehabilitation employed Mr. Adams as a Maintenance Assistant. Part of his job duties included cleaning machinery.

On May 2, 2016, Mr. Adams' supervisor instructed him to clean the coils in a piece of machinery using specific chemicals. Mr. Adams alleged Beverly did not give him proper instruction on the cleaners and gloves to use. Mr. Adams sprayed the chemical (hydrochloric-phosphoric acid) onto the coils. The chemical leaked through his gloves and onto his hands, causing chemical burns on both hands. Mr. Adams completed his shift, but sought medical attention at the emergency room that night. Mr. Adams

1

received a diagnosis of chemical burns to both hands.

Beverly provided a panel of physicians, from which Mr. Adams selected Nova Medical Center for authorized treatment. During the treatment, the Nova physician, Dr. King, found that Mr. Adams had full range of motion and that his burns were healing properly. Dr. King recommended Mr. Adams use gloves when cleaning. Dr. King diagnosed irritant dermatitis and recommended an over-the-counter medication and a steroid cream. He returned Mr. Adams to full duty.

Upon further complaints of pain, cramping, and the loss of multiple fingernails, Mr. Adams requested a referral to either an orthopedic hand specialist or dermatologist. However, Dr. King determined Mr. Adams was healing as scheduled and a referral was not necessary.

At the hearing, Mr. Adams asserted that he is entitled to a referral to an orthopedic hand specialist or dermatologist. He testified he continues to experience pain and cramping. Additionally, he still has marks on his hands and experiences difficulty grasping objects. Mr. Adams stated Dr. King did not provide him with adequate care and treatment. He further asserted the injury resulted in his inability to work from his date of termination until mid- to late September. Accordingly, the Court should order a specialist referral and temporary disability benefits.

Beverly countered Mr. Adams can return to Dr. King if he continues to experience problems related to the work injury. Beverly asserted that during the course of treatment, Dr. King consulted with a dermatologist and an orthopedic hand specialist and determined that a referral was not necessary. Beverly pointed out Dr. King's opinion is presumed correct and Mr. Adams did not offer a medical opinion to support his request for referral and temporary disability benefits. As a result, the Court should deny both Mr. Adams' request for a specialist referral and his request for temporary disability benefits.

### Findings of Fact and Conclusions of Law

The following legal principles govern this case. Because it is in a posture of an Expedited Hearing, Mr. Adams need not prove every element of his claim by a preponderance of the evidence in order to obtain relief. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). Instead, he must come forward with sufficient evidence from which this Court might determine he is likely to prevail at a hearing on the merits. *Id.*; Tenn. Code Ann. § 50-6-239(d)(1) (2016).

The Workers' Compensation Law requires employers to provide injured employees with reasonable and necessary medical care related to a work injury. A work-related injury causes a need for medical treatment if, within a reasonable degree of

2

medical certainty, it contributed more than 50% to the need for treatment. To meet the "reasonable degree of medical certainty" standard requires a physician opinion that it is more likely than not, considering all possible causes, as opposed to speculation. *See* Tenn. Code Ann. §§ 50-6-204(a)(1)(A), 50-6-102(14)(C), and 50-6-102(14)(D) (2016).

Furthermore, the panel-selected physician's causation opinion is presumed correct, as is the treatment he recommends. However, that opinion might be rebutted by a preponderance of the evidence. *See* Tenn. Code Ann. §§ 50-6-102(14)(E) and 50-6-204(a)(3)(H) (2016); *see also Morgan v. Macy's*, 2016 TN Wrk. Comp. App. Bd. LEXIS 39, at *17 (Aug. 31, 2016).

In this case, Dr. King evaluated Mr. Adams on five occasions. On May 16, Dr. King indicated he discussed Mr. Adams' case with a dermatologist. On May 17, Dr. King noted he discussed Mr. Adams' case with an orthopedic hand specialist. Finally, on June 14, Dr. King specifically stated, "No need for follow-up appointment . . . return as needed . . . no specialist referral necessary." While Mr. Adams testified that he needs a specialist referral, he did not provide a supporting medical opinion. The Court acknowledges that, based on his testimony, Mr. Adams did not provide a medical opinion because he does not have insurance and could not afford an evaluation. The Court is sensitive to Mr. Adams' financial situation. However, Dr. King's opinion is presumed correct unless rebutted by a preponderance of the evidence, and Mr. Adams' lay testimony does not rise to the level of rebutting that opinion. Accordingly, this Court holds that Mr. Adams did not establish that he is likely to prevail at a hearing on the merits regarding entitlement to a specialist evaluation.

The Court also must consider Mr. Adams' request for temporary disability benefits. An injured employee is eligible for temporary disability benefits if: (1) the employee is unable to work due to a compensable injury; (2) there is a causal connection between the injury and the inability to work; and (3) the employee established the duration of the period of disability. *Jones v. Crencor Leasing and Sales*, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015) (citing *Simpson v. Satterfield*, 564 S.W.2d 953, 955 (Tenn. 1978)). Temporary total disability benefits are terminated either by the ability to return to work or attainment of maximum recovery. *Id.* An employee is entitled to receive temporary partial disability benefits, pursuant to Tennessee Code Annotated section 50-6-207(2), when an employee is temporarily unable to work but "the temporary disability is not total." *Jewell v. Cobble Constr. and Arcus Restoration*, 2015 TN Wrk. Comp. App. Bd. LEXIS 1, at *22 (Jan. 12, 2015).

Here, Dr. King only provided Mr. Adams with restricted duty of wearing gloves on May 16 and for one day only. On all other visits, Dr. King concluded Mr. Adams could work full duty.[1] Although Mr. Adams testified otherwise, his lay opinion is not

---

[1] Mr. Adams testified that, in his opinion, Beverly terminated him due to his work injury. Since Dr. King did not

3

sufficient to rebut Dr. King's opinion regarding his ability to work. Therefore, as a matter of law, Mr. Adams has not come forward with sufficient evidence from which this Court might conclude that he is likely to prevail at a hearing on the merits regarding entitlement to temporary disability benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Adams' claim against Beverly Park Place and its workers' compensation carrier for a specialist referral and for temporary disability benefits is denied at this time.

2. This matter is set for a Scheduling Hearing on **April 10, 2017, at 9:30 a.m. Eastern Time**. The parties must call 865-594-0109 or 855-383-0003 toll free to participate in the Scheduling Hearing. Failure to appear by telephone may result in a determination of the issues without your further participation.

**ENTERED this the 7th day of February, 2017.**

**HON. LISA A. LOWE**
**Workers' Compensation Judge**

---

restrict Mr. Adams from working, the Court did not address the validity of the cause for termination.

## APPENDIX

Technical Record:

1) Petition for Benefit Determination
2) Dispute Certification Notice
3) Request for Expedited Hearing
4) Employer's Response to Request for Expedited Hearing

The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

Exhibits:
1) Mr. Adams' Affidavit
2) First Report of Work Injury, Form C-20
3) Panel of Physician, Form C-42
4) Wage Statement, Form C-41
5) Job Description for Maintenance Assistant
6) Separation Notice
7) Medical Records of Nova Medical Center

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 7th day of February, 2017.

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|----------------|-----|-------|------------------|
| James W. Friauf, Esq., Employee's Attorney | | | x | james@friauflaw.com |
| James B. Sauter, Esq. B. Duane Willis, Esq. Employer's Attorney | | | x | jsauter@morganakins.com  DWillis@morganakins.com |

_____
PENNY SHRUM, Court Clerk
WC.CourtClerk@tn.gov

5